2-7-25
Federal Court / Grand Rapids MI
399 Federal Building 110 Michigan St. NW
Grand Rapids, MI 49503

S.I.R.P.R.

1. IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

LANCE MALLETT,
2000 7th St, P.O. Box 4911,
Muskegon Heights, MI 49444,

Plaintiff,

v.

MUSKEGON HEIGHTS POLICE DEPARTMENT,
MHPD, 2517 Baker Street,
Muskegon Heights, MI 49444,

OFFICER KUKOWSKI,
MHPD, 2517 Baker Street,
Muskegon Heights, MI 49444,

OFFICER DOYLE,
MHPD, 2517 Baker Street,
Muskegon Heights, MI 49444,

OFFICER KUIPER,
MHPD, 2517 Baker Street,
Muskegon Heights, MI 49444,

CITY ATTORNEY TE D. Smith,
City Hall, 2724 Peck St,
Muskegon Heights, MI 49444,

BENJAMIN RUBY,
Muskegon County Administration,
990 Terrace St,
Muskegon, MI 49442,

CHIEF JUDGE KENNETH HOOPES,

FILED - GR
February 7, 2025 3:25 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB /2/10

1:25-cv-149
Robert J. Jonker
U.S. District Judge

Muskegon County Courthouse,
990 Terrace St,
Muskegon, MI 49442,

JUDGE GEOFFREY NOLAN,
Muskegon County Courthouse,
990 Terrace St,
Muskegon, MI 49442,

JUDGE PAULA MATHES,
Muskegon County Courthouse,
990 Terrace St,
Muskegon, MI 49442,

JUDGE MARIA HOOPES,
Muskegon County Courthouse,
990 Terrace St,
Muskegon, MI 49442,

JUDGE ANNETTE SMEDLEY,
Muskegon County Courthouse,
990 Terrace St,
Muskegon, MI 49442,

Defendants, Jointly and Severally.

**CIVIL ACTION NO.:** [To be assigned by the court]

JURY DEMAND ENDORSED HEREIN

## 2. COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DEFAMATION, MALICIOUS PROSECUTION, AND SYSTEMATIC JUDICIAL MISCONDUCT

### I. INTRODUCTION

Lance Mallett, a dedicated business owner and community member, stands wrongfully accused and maligned by a system that seems determined to disregard his rights and

¶ 2. dignity. Despite his lawful conduct and the proactive measures he took to protect himself and his property, he faces unfounded legal and social persecution. The defendants, including local judicial and law enforcement officials, have repeatedly engaged in actions that not only undermine the principles of justice but also display a troubling pattern of racial bias and misconduct. They have ignored their duty to uphold the law impartially, choosing instead to retaliate against Mr. Mallett with baseless accusations and procedural injustices. This lawsuit seeks to correct these wrongs and to affirm that no individual should be subjected to such prejudiced and harmful treatment.

## II. JURISDICTION

p 3. Subject Matter Jurisdiction: This Court has subject matter jurisdiction over the claims presented in this complaint pursuant to the laws of the State of Michigan. The claims arise under the statutes and common law of Michigan, which grant this Court the authority to adjudicate disputes involving these legal issues and remedies sought herein.

p 4 Personal Jurisdiction: This Court has personal jurisdiction over the Defendant(s) because the actions that give rise to the claims occurred within this State, and/or because the Defendant(s) reside in, conduct business in, or have sufficient minimum contacts with the State of Michigan, thereby availing themselves to the jurisdiction of its courts.

## III. PARTIES

### A. Plaintiff:

p 5 The Plaintiff, Lance Mallett, whose address is 2000 7th St, P.O. Box 4911, Muskegon Heights, MI 49444, is a resident of the State of Michigan.

### B. Defendants:

p 6 Muskegon Heights Police Department, located at 2517, Bakers St Muskegon, MI 49444

p 7 Officer Kukowski, Officer Doyle, and Officer Kuiper, each an individual residing in the State of Michigan and employed by the Muskegon Heights Police Department.

p 8 City Attorney TE D. Smith, an individual residing in the State of Michigan.

 Muskegon County Administration, with its principal place of business in Muskegon, Michigan.

 Director Benjamin Ruby, an individual residing in the State of Michigan and employed by Muskegon County Administration.

 Chief Judge K. Hoopes, Judge G. Nolan, Judge Marretti, Judge P. Mathes, Judge M. Hoopes, and Judge A. Smedley, each an individual residing in the State of Michigan and serving in the judiciary of Muskegon County, Michigan.

## IV. GENERAL ALLEGATIONS

 Plaintiff Lance Mallett is a licensed bounty hunter and business owner of Security, LLC, holding a current concealed pistol license under the 2nd Amendment with no retreat exogenous circumstances in confined spaces.

 On January 6, 2025, Plaintiff was assigned a new attorney by Judge Annette Smedley, who has shown a consistent pattern of bias and racial discrimination against Plaintiff by denying his previous attorney's motion to withdraw and multiple motions for recusal. See attached judicial complaints and motions for recusal. Third case she assigned to shows bias

 Judge Annette Smedley has been assigned to all of Plaintiff's civil and now criminal cases in Muskegon County, demonstrating a systematic institutionalized racial bias and appearance of judicial impropriety, violating judicial canons by denying every motion filed by Plaintiff for years is unfair judicial practices.

 On January 24, 2024, Plaintiff was falsely arrested under false pretenses by Muskegon Heights Police Department (MHPD) for a crime he did not commit, based on a misleading 911 report made by an individual known as John Thornton, who was unlawfully trespassing and on parole. See police report and 911 dispatch recordings.

The arrest and subsequent charges were based on the false and biased testimony of John Thornton's pregnant girlfriend, who was also a witness to the alleged crime. The police failed to separate the witnesses during the initial investigation, contrary to procedural requirements.

 The MHPD also failed to asked the alleged victim John Thornton if he approached the defendants vehicle in an aggressive manner, nor where he was positioned, furthermore cutting off the verbal statements of a witness to tailor his prejudicial report for a felony.

p.18 Plaintiff has filed multiple complaints against the Muskegon County Sheriff, Muskegon County Administration, and several judges for racial bias, judicial impropriety, and violations of civil rights under the color of law. See attached complaints and supporting documents.

p.19 On March 21, 2024, during a landlord-tenant dispute involving John Thornton, the court, presided over by Judge Geoffrey Nolan, failed to acknowledge the perjury committed by Thornton regarding his residency and possession of a generator, which was critical to the case. See attached court transcripts and witness statements.

p.20 Judge Nolan intentionally denied Plaintiff's motion to show cause, which sought to address the perjury committed by Thornton, further depriving Plaintiff of his right to a fair trial and due process. No written reason for the denial was provided, which is a violation of procedural justice.

p.21 The Muskegon County Administration has exhibited bias and unethical behavior by interfering with Plaintiff's ability to conduct business freely and without prejudice, evidenced by the refund of a motion fee without addressing the underlying judicial misconduct. See attached receipts and correspondence.

p.22 Throughout these proceedings, Plaintiff has been subjected to racial discrimination, deprivation of civil rights, and malicious prosecutions, as evidenced by the institutionalized bias behavior of the Muskegon Heights Police Department, which has been documented in multiple complaints and legal proceedings.

p.23 Plaintiff seeks redress for the damages suffered due to these actions, including loss of income, defamation of character, and emotional distress, all of which are substantiated by legal proof, receipts, affidavits, and documentation, including 59 exhibits attached to this complaint.

p.24 The collective actions of the defendants, including several judges and the Muskegon County Prosecutor's Office, demonstrate a pattern of racial bias, abuse of power, and violation of the constitutional rights of Plaintiff, warranting judicial review and appropriate remedies to correct these injustices.

## V. CAUSES OF ACTION

### COUNT ONE - LIBEL

p.25 Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

p.26 City Attorney for the MHPD made a defamatory statement that was published through written words.

p.27 The statement concerned the Plaintiff., and was not truthful the defendant did in fact mention hehad a firemrm and current cpl license at the time of arrest. verified by the actual police report at the incident site.

p.28 The statement was published, meaning it was communicated to at least one person other than the Plaintiff., sent to the Michigan Department of Civil Rights during an investigation against them in writing rebuttal requested by the MDCR.

p.29 The statement caused damage to the Plaintiff's reputation.

p.30 The statement was false.

p.31 The MHPD acted negligently, at least, in making the statement.

p.32 MHPD, through written communications and statements made in official documents, falsely accused Plaintiff of criminal conduct and moral turpitude, which were circulated within legal and public safety entities and the broader community.

p.33 These written statements specifically identified Plaintiff by name and described actions and behaviors that were attributed directly to him, thereby making the statements concerning the Plaintiff.

p.34 The defamatory statements were published as they were included in official court documents, police reports, and public records, which were accessible to other individuals beyond the Plaintiff.

p.35 As a result of these publications, Plaintiff suffered harm to his personal and professional reputation, evidenced by community shunning, loss of business opportunities, and personal distress.

*p-36* Investigations and evidence, including video footage and witness testimonies, have demonstrated that the allegations made against Plaintiff in these written statements were unequivocally false.

*p-37* MHPD failed to adequately verify the truthfulness of the information before making these statements public, thereby acting negligently in the publication of these false statements.

## COUNT TWO - DEFAMATION OF CHARACTER

*p-38* Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

*p-39* MHPD made a false statement that was published to a third party without privilege.

*p-40* The false statement concerned the Plaintiff.

*p-41* The statement was defamatory, meaning that it could harm the reputation of the Plaintiff.

*p-42* The statement was made with at least negligence regarding its truth.

*p-43* As a result of the statement, the Plaintiff suffered damages.

*p-44* MHPD, in written communications to the Michigan Department of Civil Rights and during public meetings, falsely accused Plaintiff of engaging in criminal activities and unethical behavior in his role as a business owner and community member.

*p-45* These statements were made without any substantial evidence and were published to various third parties, including government agencies and the public, thereby satisfying the publication element of defamation.

*p-46* The statements concerned the Plaintiff directly by name and implicated him in severe misconduct and criminal behavior, which are inherently damaging allegations.

*p-47* The nature of the accusations—criminal activity and unethical business practices—clearly exposes the Plaintiff to public contempt, ridicule, aversion, or disgrace, or induces an evil opinion of him in the minds of right-thinking persons, and deprives him of their friendly intercourse in society.

*p-48* The MHPD acted negligently, at the very least, by failing to verify the truthfulness of the allegations before making them public, demonstrating a reckless disregard for the truth.

p49 As a direct and proximate result of these defamatory statements, the Plaintiff has suffered significant damages including loss of business, harm to his reputation, and personal humiliation, all of which are quantifiable economic and emotional losses.

p50 The Plaintiff has documented evidence of the decline in business revenue directly correlated with the timing of the Defendant's public statements and can demonstrate the causation between the defamatory statements and his economic losses.

## COUNT THREE - MALICIOUS PROSECUTION

p51 Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

p52 The Muskegon County Administration and prosecutors office initiated or continued the criminal proceedings against the plaintiff.

p53 The criminal proceedings terminated in favor of the plaintiff.

p54 In initiating the criminal proceedings, the defendant acted without probable cause.

p55 The MHPD acted with malice or a purpose other than bringing the plaintiff to justice, for a second false allegation, within a 3-year time span.

p56 As a result of the malicious prosecution, the plaintiff suffered damages.

p57 Plaintiff alleges that the MHPD, without any legitimate legal reason, initiated criminal proceedings against the plaintiff, which lacked probable cause as evidenced by conflicting statements regarding the alleged incident and the initial lack of credible witnesses, as detailed in the police bodycam evidence and dispatch records.

p58 Plaintiff further alleges that these criminal proceedings were terminated in his favor when the charges were ultimately dismissed due to the insufficiency of the evidence, demonstrating a lack of probable cause from the outset.

p59 Plaintiff avers that the MHPD acted with malice and personal bias, as evidenced by the defendant's prior threats, discriminatory remarks, and actions that indicate a motive rooted in personal vendetta rather than any legitimate criminal justice purpose.

p60  Plaintiff contends that the defendant's actions were taken with the intent to harass and oppress the plaintiff, as shown by the defendant's use of the legal system to intimidate and burden the plaintiff, rather than any genuine pursuit of justice.

p61  As a direct and proximate result of the defendant's malicious prosecution, plaintiff suffered considerable harm, including legal costs, emotional distress, damage to reputation, and other compensatory damages, all of which are a direct consequence of the defendant's unwarranted and malicious actions.

p62  The actions of the defendant, as described, were without probable cause and were driven by improper motives, which directly led to the harm suffered by the plaintiff, thereby fulfilling the elements required for a claim of malicious prosecution under Michigan law.

## COUNT FOUR - APPEARANCE OF IMPROPRIETY

p63  Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

p64  Under Michigan law, a claim for appearance of impropriety exists when a judge's conduct creates a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired.

p65  The first element of an appearance of impropriety claim is that the judge must have engaged in conduct that would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity is impaired.

p66  a. In this case, Judge Annette Smedley has consistently shown bias and prejudice against the Plaintiff by denying every motion filed by Plaintiff without substantial justification, which creates a reasonable perception of impaired integrity. This includes a specific instance where Judge Smedley denied a motion to withdraw and a motion to recuse herself despite clear conflicts of interest and prior complaints of racial bias.

p67  b. Furthermore, Judge Smedley was reassigned to Plaintiff's criminal case by Chief Judge Kenneth Hoopes, her husband, after several judicial tenure commission complaints, further exacerbating the appearance of impropriety and suggesting a lack of integrity in handling the Plaintiff's case impartially.

p68  The second element requires that the judge's conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with impartiality is impaired.

    a. Judge Smedley's repeated assignment to Plaintiff's cases, despite multiple complaints and her demonstrated bias in previous rulings against the Plaintiff, notably in denying motions unjustly and handling cases involving the Plaintiff with a marked lack of fairness, reasonably suggests an impairment in carrying out duties with impartiality.

    b. The assignment of Judge Smedley to the Plaintiff's cases by her husband, Chief Judge Kenneth Hoopes, after her disqualification in prior related cases, further underscores a compromised impartiality, which is perceived as systemic bias within the judiciary handling the Plaintiff's matters.

The third element is that the judge's conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with competence is impaired.

    a. The refusal of Judge Smedley to recuse herself from the Plaintiff's cases despite the clear and documented concerns regarding her impartiality and previous rulings indicative of bias, questions her competence in adjudicating matters without personal or external influences.

    b. The handling of critical judicial decisions by Judge Smedley, such as the denial of a motion to show cause and the inconsistent application of judicial standards in cases involving the Plaintiff, particularly those influenced by familial judicial connections, reasonably creates a perception of incompetence in fulfilling judicial duties free from personal bias.

These actions and circumstances surrounding Judge Smedley's conduct and the reassignments by Chief Judge Kenneth Hoopes collectively establish an appearance of impropriety, thereby undermining public confidence in the judiciary's fairness, integrity, impartiality, and competence in the handling of the Plaintiff's cases.

## COUNT FIVE - MISCONDUCT IN OFFICE

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

In Michigan, a claim for misconduct in office requires that the MHPD, while in an official capacity or position of authority, engaged in corrupt behavior, malfeasance, or a failure to perform prescribed duties.

p.77 Defendant Judge Annette Smedley, while in her official capacity as a judge in the Muskegon County Court, engaged in corrupt behavior and malfeasance by systematically denying Plaintiff's motions without legal justification, evidencing a pattern of bias and prejudicial treatment.

p.78 Specifically, Judge Smedley denied Plaintiff's attorney's motion to withdraw and motion for recusal, despite clear conflicts of interest and documented bias, thereby failing to perform her duties impartially and with integrity as prescribed by judicial conduct standards.

p.79 Furthermore, Judge Smedley's repeated assignment to Plaintiff's cases, despite multiple complaints and evidence of her bias filed with the Judicial Tenure Commission, constitutes a failure to uphold the integrity and independence of the judiciary, demonstrating misconduct in office.

p.80 Defendant Judge Geoffrey Nolan, also in his official capacity, exhibited misconduct in office by denying Plaintiff's motion to show cause, which sought to address alleged perjury by a witness. Judge Nolan's refusal to provide a written explanation for the denial further violates the standards of judicial conduct and represents a failure to perform judicial duties diligently and impartially.

p.81 Additionally, Chief Judge Kenneth Hoopes engaged in misconduct by reassigning Judge Smedley to Plaintiff's criminal case after her recusal requests from related cases due to bias complaints. This action by Chief Judge Hoopes shows a disregard for the required impartiality of the judiciary, directly impacting Plaintiff's right to a fair trial.

p.82 These actions collectively and individually demonstrate a pattern of misconduct in office by the named judicial defendants, directly resulting in substantial prejudice against Plaintiff, impairing his ability to receive a fair and unbiased adjudication of his cases.

p.83 The misconduct described herein has directly resulted in damages to Plaintiff, including but not limited to, deprivation of civil rights, emotional distress, and other compensable injuries as detailed in the preceding paragraphs of this Complaint.

**COUNT SIX - CIVIL RIGHTS VIOLATION**

p.84 Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

p85  Under 42 U.S.C. § 1983, to state a claim for relief for violation of civil rights, a plaintiff must allege that the defendant acted under color of state law and that the defendant's conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

p86  Plaintiff alleges that Defendant, while acting under color of state law, deprived Plaintiff of rights secured by the Constitution, specifically the right to due process and equal protection under the Fourteenth Amendment.

p87  Plaintiff further alleges that Defendant engaged in actions that intentionally discriminated against Plaintiff on the basis of race, thereby violating Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. This is evidenced by the systematic assignment of a particular judge known for racial bias in Plaintiff's consecutive cases, despite multiple complaints and requests for recusal based on documented bias and misconduct.

p88  Plaintiff asserts that Defendant's actions included malicious prosecution, as evidenced by the initiation of criminal charges without probable cause, relying on fabricated evidence and false statements by law enforcement officers, which were intended to oppress and discriminate against Plaintiff.

p89  Plaintiff alleges that Defendant's conduct included judicial misconduct and abuse of judicial authority, as evidenced by the repeated denial of Plaintiff's motions without just cause and the refusal to recuse despite clear conflicts of interest and appearances of impropriety, further depriving Plaintiff of the right to a fair and impartial trial.

p90  Plaintiff alleges that Defendant's actions were part of a broader pattern of institutionalized bias and systemic discrimination within the Muskegon County judicial and law enforcement systems, as demonstrated by the collective judicial racial bias and administrative unethical behavior that targeted Plaintiff and similarly situated individuals.

p91  Plaintiff further alleges that Defendant, acting under color of state law, engaged in conduct that amounted to harassment and retaliation against Plaintiff for exercising protected rights, including filing complaints against judicial and law enforcement misconduct. This includes adverse actions taken against Plaintiff in direct response to Plaintiff's attempts to seek redress and justice, thereby chilling Plaintiff's First Amendment rights.

p92  Plaintiff alleges that the cumulative effect of Defendant's actions, under color of state law, has caused significant harm to Plaintiff, including emotional distress, damage to reputation, and financial harm due to legal costs and loss of business opportunities.

p.93 Plaintiff seeks redress for these violations through this action, asserting that Defendant's conduct directly and proximately caused the violations of Plaintiff's civil rights as guaranteed by the United States Constitution and laws.

## COUNT SEVEN - FALSIFYING OR CONCEALING CRITICAL EVIDENCE

p.94 Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

p.95 Under Michigan law, a claim for falsifying or concealing critical evidence requires the plaintiff to establish that the defendant knowingly and intentionally falsified or concealed evidence relevant to a legal proceeding or investigation.

p.96 The defendant, Muskegon Heights Police Department, knowingly and intentionally concealed critical bodycam evidence which was crucial for the fair adjudication of the plaintiff's criminal charges.

p.97 The concealed bodycam footage would have demonstrated discrepancies in the police report and the actual events that transpired, which were critical to the plaintiff's defense.

p.98 Further, the defendant tampered with witness statements, altering them to fit a narrative consistent with the charges against the plaintiff, thereby depriving him of a fair trial.

p.99 The defendant's actions were intentional, as evidenced by the systematic pattern of similar behavior in related cases, where evidence favorable to defendants was routinely ignored or manipulated.

p.100 This pattern of behavior points to an institutional practice at the Muskegon Heights Police Department of manipulating evidence to secure convictions irrespective of the factual basis.

p.101 By these actions, the defendant has caused significant harm to the plaintiff, including wrongful incarceration, emotional distress, and damage to his reputation and personal and professional life.

p.102 The plaintiff has suffered damages as a direct and proximate result of the defendant's actions in falsifying and concealing critical evidence.

## VI. DEMAND

WHEREFORE, Plaintiff, Lance Mallett, respectfully prays this Court:

A. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

B. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

C. Enjoin Defendant from engaging in further acts of libel, defamation of character, malicious prosecution, appearance of impropriety, misconduct in office, civil rights violations, and falsifying or concealing critical evidence;

D. Award Plaintiff actual damages in an amount to be determined at trial and with the appropriate multiplier, including but not limited to compensation for loss of income, damage to reputation, and emotional distress;

E. Grant Plaintiff the maximum economic, non-economic, actual, statutory (pursuant to relevant civil rights statutes and local defamation laws), emotional, general, special, punitive, and other damages available under the law;

F. Award Plaintiff attorney fees with the appropriate multiplier plus costs and expenses of litigation, as provided under the applicable statutes for civil rights violations and other claims;

G. Return of Plaintiff's firearms, as they were wrongfully confiscated;

H. Award punitive damages for the willful, malicious, and oppressive conduct of the Defendants;

I. Award Plaintiff such other and further relief as the Court deems just and appropriate under the circumstances.
II. Award Plaintiff $47 million dollars and punitive damages, also grant reinburement of legal fees and or whichever is greater

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A JURY ON ALL TRIABLE MATTERS.

Respectfully Submitted, Lance Mallett - pro per / 616-890-6822

2-7-25